No. 22-3922

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 25, 2023
DEBORAH S. HUNT, Clerk

TRACY D. HALSELL, aka Terrell Jordan,

    Plaintiff-Appellant,

v.

PEOPLE READY; BEYONCE CARTER; SHAWN CARTER,

    Defendants-Appellees.

O R D E R

Before:  BUSH, Circuit Judge.

Tracy D. Halsell, a resident of Cincinnati, moves this court to proceed in forma pauperis in his appeal from an order of the district court dismissing his complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

After receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Halsell filed a complaint in the district court against People Ready, Beyoncé Carter, and Shawn Carter (presumably referring to Jay-Z and Beyoncé, whose real names are Shawn Carter and Beyoncé Knowles-Carter).  Halsell's statement of claim reads, in its entirety,

> Every job assignment I get from People Ready comes with sexual harassment[.] I'm alarmed[,] I'm annoyed and they don't stop unless they get my attention[.] Beyonce . . . said pooh to me you just might be a black [B]ill Gates in the making at [the] 2016 Super Bowl[.  M]any people started sexually harassing me at work treating me differently[.]

Halsell sought $1,500,000 in damages.  Along with his complaint, Halsell filed a motion to proceed in forma pauperis.

A magistrate judge screened Halsell's complaint, pursuant to § 1915(e)(2)(B), concluding that it failed to state a plausible claim for relief and should be dismissed with prejudice.  Halsell

filed objections, but he did not object to any specific aspect of the magistrate judge's report. Instead, he reiterated his claim of sexual harassment, asserting that he has suffered mental anguish and a "loss of enjoyment of life." He also made new allegations of harassment and discrimination, listing the locations of jobs he had worked with People Ready and alleging that he experienced sexual harassment at each job. In addition to sexual harassment, Halsell alleged that, on one particular day at an unspecified job location, a group of co-workers "began to discriminate" against him when he took his mask off. He also alleged that when he revealed that he had lupus, he "was made to feel somewhat uncomfortable" and "asked not to come back" to a position at National Rent-A-Fence. He asserted that "all this harassment stems from Beyoncé saying [his] name" during her halftime performance at the 2016 Super Bowl.

Over Halsell's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint. The court explained that, even construing Halsell's objections as a motion to amend his complaint, Halsell still failed to include sufficient factual content to state a plausible claim. The court denied all of Halsell's outstanding motions as moot. Pursuant to 28 U.S.C. § 1915(a), the court certified that any appeal would not be taken in good faith. Halsell now appeals and moves this court to proceed in forma pauperis.

When a district court certifies that an appeal would not be taken in good faith, the plaintiff may file a motion to proceed in forma pauperis in this court. *See* Fed. R. App. P. 24(a)(5); *Owens v. Keeling*, 461 F.3d 763, 773-76 (6th Cir. 2006). A motion to proceed in forma pauperis may be granted by this court if it determines that an appeal would be taken in good faith and the movant is indigent. *Id.* at 776. An appeal is not in good faith if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court hearing an *in forma pauperis* case "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief maybe granted." 28 U.S.C. § 1915(e)(2)(B).

Accordingly, we turn to a de novo review of the district court's dismissal of the complaint using the standard that applies to Federal Rule of Civil Procedure 12(b)(6) dismissals from *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To

avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Halsell's complaint failed to satisfy these basic requirements. Put simply, the complaint failed to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (ellipsis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Halsell did not adequately explain his connection to People Ready or allege that he was a People Ready employee. Nor did he allege sufficient facts from which one could infer that Beyoncé and Shawn Carter were liable for any alleged misconduct. Halsell provided no dates for when the alleged harassment and discrimination occurred and identified no individuals who committed such harassment. Nor did he identify any law on which his claims were based.

For these reasons, Halsell's motion to proceed in forma pauperis is **DENIED**. Unless Halsell pays the $505 appellate filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk